FILED
CLERK, U.S. DISTRICT COURT

08/27/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____AP_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. KEISHONDO CLAYON STUART, JR., Defendant. | ED CR No. 5:25-cr-00285-MCS I N D I C T M E N T [18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(g)(1)]

On or about July 3, 2025, in Riverside County, within the Central District of California, defendant KEISHONDO CLAYON STUART, JR., knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

1.    A Smith & Wesson, Model XD40 VE, .40 S&W caliber pistol, bearing serial number FWV9555; and

2.    Seven rounds of WIN .40 S&W caliber ammunition.

Defendant STUART possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the

following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Auto Theft, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Riverside, case number BAF970283, on or about November 24, 1997;

2.    Possession of Cocaine Base for Sale, in violation of California Health and Safety Code Section 11351.5, in the Superior Court of the State of California, County of San Diego, case number SCD136714, on or about August 7, 1998;

3.    Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court of the State of California, County of Riverside, case number RIF085698, on or about July 28, 1999;

4.    Transport a Controlled Substance, in violation of California Health and Safety Code Section 11352(a), in the Superior Court of the State of California, County of Riverside, case number RIF090116-2, on or about October 10, 2000;

5.    Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11351.5, in the Superior Court of the State of California, County of Riverside, case number RIF090116-2, on or about October 10, 2000;

6.    Second Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Riverside, case number RIF1310660-1, on or about April 23, 2014; and

7.    Possession of a Controlled Substance in Jail, in violation of California Penal Code Section 4573.6, in the Superior Court of the

State of California, County of Riverside, case number BAF1800990, on or about March 28, 2019.

COUNT TWO

[18 U.S.C. § 922(g)(1)]

On or about August 12, 2025, in Riverside County, within the Central District of California, defendant KEISHONDO CLAYON STUART, JR., knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

1.    A Beretta, Model PX4 Storm, 9mm Luger pistol, bearing serial number PX401393;

2.    One round of JAG 9mm Luger ammunition;

3.    One round of Blazer 9mm Luger ammunition;

4.    One round of Aguila 9mm Luger ammunition;

5.    One round of Sumbro 9mm Luger ammunition;

6.    One round of Remington-Peters 9mm Luger ammunition; and

7.    One round of X-Treme 9mm Luger ammunition.

Defendant STUART possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Auto Theft, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Riverside, case number BAF970283, on or about November 24, 1997;

2.    Possession of Cocaine Base for Sale, in violation of California Health and Safety Code Section 11351.5, in the Superior Court of the State of California, County of San Diego, case number SCD136714, on or about August 7, 1998;

3.    Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court of the State of California,

4

County of Riverside, case number RIF085698, on or about July 28, 1999;

4.    Transport a Controlled Substance, in violation of California Health and Safety Code Section 11352(a), in the Superior Court of the State of California, County of Riverside, case number RIF090116-2, on or about October 10, 2000;

5.    Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11351.5, in the Superior Court of the State of California, County of Riverside, case number RIF090116-2, on or about October 10, 2000;

6.    Second Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Riverside, case number RIF1310660-1, on or about April 23, 2014; and

7.    Possession of a Controlled Substance in Jail, in violation of California Penal Code Section 4573.6, in the Superior Court of the State of California, County of Riverside, case number BAF1800990, on or about March 28, 2019.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of any of the offenses set forth in this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

///

///

6

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

Acting for

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

PETER DAHLQUIST
Assistant United States Attorney
Chief, Riverside Office

STEPHEN T. MERRILL
Special Assistant U.S. Attorney
Riverside Office

7